IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATE A. LINDELL,

                Plaintiff,                        OPINION AND ORDER

  v.

                                                    13-cv-563-wmc

LIEUTENANT DANE M. ESSER, CAPTAIN
SARA A. MASON, CAPTAIN DARYL W.
FLANNERY, TIMOTHY F. HAINES,
TROY G. HERMANS, KELLY R. TRUMM,
CHARLES FACKTOR, CHARLES E. COLE,
CINDY O'DONNELL and JOHN DOES 1-7,

                Defendants.

---

Plaintiff Nate A. Lindell requests leave to proceed under the federal *in forma pauperis* statute with a civil action pursuant to 42 U.S.C. § 1983, alleging constitutional violations in connection with the conditions of his confinement in the Wisconsin Department of Corrections. Lindell has made an initial partial payment of the filing fee as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), but the court must also screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. Because Lindell's proposed complaint does not comply with federal pleading requirements, the court will deny plaintiff leave to proceed at this time, while affording him an opportunity to amend.

SUMMARY OF PROPOSED CLAIMS

Plaintiff Nathaniel A. Lindell is presently confined by the Wisconsin Department of Corrections ("WDOC") at the Waupun Correctional Institution ("WCI"). From July 9, 2002, through January 4, 2013, he was confined by at the Wisconsin Secure Program Facility ("WSPF") in Boscobel.

The proposed defendants include several administrators employed by WDOC in Madison: Corrections Complaint Examiner ("CCE") Charles Facktor; Deputy Secretary Charles E. Cole; and Deputy Secretary Cindy O'Donnell. The defendants also include the following officers and officials at WSPF: Warden Timothy F. Haines; Deputy Warden Troy G. Hermans; Lieutenant Dane M. Esser; Captain Sara A. Mason; Captain Daryl W. Flannery; and John Does 1 through 7.

In addressing any *pro se* litigant's pleadings, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the pleadings under this lenient standard, it appears that Lindell is attempting to bring several, unrelated claims against multiple defendants in a single action. His proposed claims are summarized in chronological order below.

1. **Claims Against Lieutenant Esser, Mason, Trumm and Hermans**

In 2005, Lindell filed a civil action in this district, alleging that Lieutenant Esser violated his rights under the Eighth Amendment by "throwing a meal tray" at him. *See Lindell v. O'Donell, et al.*, 05-cv-4-bbc (W.D. Wis.). During discovery in that case, Lindell learned that Esser had been reprimanded previously for using excessive force on another

2

prisoner. In spite of that reprimand, Esser was promoted and given authority to monitor mail and to search prisoners' property for contraband at WSPF.

On November 24, 2011, Esser allegedly seized a manila envelope containing an "original piece of short fiction" written by Lindell, and then refused to return it. Characterizing the envelope and its contents as "contraband," Esser accused Lindell in Conduct Report #2155409 of violating Wis. Admin. Code § DOC 303.40, which prohibits an "unauthorized transfer of property." Lindell insists that Esser's actions were both without justification and in retaliation for his lawsuit against Lindell.

Nevertheless, on December 15, 2011, Captain Mason found Lindell guilty as charged in Conduct Report #2155409, resulting in his losing recreation privileges for seven days. Moreover, Lindell's short story was confiscated and destroyed. Lindell filed an appeal from the disciplinary conviction, but Deputy Warden Hermans upheld the decision on January 5, 2012. Lindell also filed a grievance concerning Esser's actions, which Trumm rejected. By causing his conviction based on false disciplinary charges, Lindell contends that defendants Esser, Mason, Trumm and Hermans violated his First Amendment right to free speech and to petition for redress of grievances.

### 2. Claims Against Esser, Lieutenant Tom, Trumm and Haines

On December 9, 2011, Esser allegedly seized another manila envelope that contained "printouts of comments left on Lindell's blog." Esser then filed charges against Lindell in Conduct Report #2155410, again accusing him of violating Wis. Admin. Code § DOC 303.40 by attempting to make another unauthorized transfer of property. Esser

3

also directed two sergeants (neither of whom are named as defendants here) to seize and search all "paper property" in Lindell's cell. Lindell's property was returned the following day, with the exception of three sheets of paper featuring what Lindell describes as drawings of a "beautiful nude female." Also missing was a copy of Esser's personnel file, which had been provided to Lindell during his 2005 lawsuit.

On December 15, 2011, Lieutenant Tom found Lindell not guilty as charged in Conduct Report #2155410, but kept the envelope and its contents. Subsequently, Lindell filed a grievance regarding the loss of his printouts. On January 5, 2012, Hermans allegedly agreed that the printouts were not contraband and should be returned to Lindell. The printouts, however, were not returned.

Lindell also filed a grievance regarding the loss of his "art," which Trumm dismissed based on Esser's assurance that all of the property had been returned to Lindell. On appeal, Warden Haines upheld Trumm's decision on January 13, 2012. Lindell claims, therefore, that Tom, Trumm and Haines allowed Esser to remain in a supervisory position where he could use his authority to violate Lindell's rights under the First Amendment.

### 3. Claims Against Esser, Trumm, Facktor and Cole

On June 8, 2012, another prisoner at WSPF (Ronnie Peebles) asked Lindell to help him with unspecified "litigation." Lindell alleges that Esser took all of the paperwork that Peebles had given him with no explanation or justification. Trumm denied Lindell's grievance concerning these actions as well. Factor then recommended

dismissing his appeal and Cole agreed. Lindell claims that Esser confiscated the papers belonging to Peebles in violation of the First Amendment and that Trumm, Facktor and Cole condoned his harassment.

### 4. Claims Against Esser, Sergeant Scullion, Trumm, Haines, Facktor and Cole

On July 25, 2012, Esser and Sergeant Scullion allegedly confiscated all of Lindell's paper property, his "wedge pillow" and his "third blanket." Esser told Lindell that his paper property was being taken because Lindell was charged with battery of an officer. Esser added that the Health Services Unit informed him that Lindell was not approved to have a wedge pillow or an extra blanket.

Lindell maintains that he was authorized to have these items of property and that Esser's actions were "capricious." He further contends that Sergeant Scullion is a "pathological liar," who is also known for physically abusing inmates. When Lindell complained, Trumm, Haines, Facktor and Cole denied his grievances. Lindell claims that his property was taken without due process, and that the supervisory defendants allowed Esser to use his position of authority to mistreat or harass Lindell in violation of his rights under the First Amendment.

### 5. Claims Against Esser, Trumm, Facktor and Haines

In September of 2012, Esser allegedly confiscated three more letters written to Lindell by fellow prisoner Sean Riker. Trumm denied Lindell's grievance and recommended that the complaint be dismissed. Facktor and Haines agreed. Lindell

5

claims that the supervisory defendants allowed Esser to use his position of authority to mistreat or harass Lindell.

### 6. Claims Against Esser, Captain Flannery, Trumm and Haines

On October 28, 2012, Lindell sent Riker a letter that contained an original drawing, legal papers for a "pending case" filed by Riker and "directions for an affidavit Lindell needed from Mr. Riker for one of Lindell's pending cases." Esser allegedly gave this letter to Captain Flannery to issue a notice of non-delivery because the letter was saturated with blue pigment. The letter was then confiscated and "misplaced." Lindell claims that Esser and Flannery threw the letter away.

Although Trumm and Haines recommended that Lindell be reimbursed for the paper and postage for his lost piece of mail, Lindell complains that they failed to investigate "the misconduct that blatantly occurred" when Esser poured pigment on to his drawing. By tampering with his mail, Lindell claims that Esser retaliated against him for filing a lawsuit against him. Lindell claims further that Flannery, Trumm and Haines condoned Esser's animosity in violation of his rights under the First Amendment.

## OPINION

While each of Lindell's proposed claims involve a similar fact pattern, it appears that he is attempting to join at least six lawsuits against different defendants into one action. The Seventh Circuit has emphasized that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

To that end, prisoners may not circumvent the fee-payment or three-strikes provisions of the Prison Litigation Reform Act by improperly joining claims in violation of the federal rules.  *See id.*; *see also Turley v. Gaetz*, 625 F.3d 1005 (7th Cir. 2010) (demonstrating how the improper joinder of claims by prisoners can flout the three-strikes rule found in 28 U.S.C. § 1915(g)).  More specifically, Fed. R. Civ. P. 18(a) provides that "[a] party asserting a claim, counter-claim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.  Likewise, Fed. R. Civ. P. 20 authorizes joinder of multiple defendants into one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

These joinder rules apply equally to cases filed by prisoners and non-prisoners alike.  *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.").  For example, "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions" would be rejected if filed by a free person and should also be rejected if filed by a prisoner. *George*, 507 F.3d at 607.

The complaint in this case violates Rules 18 and 20 by joining unrelated claims against multiple defendants at two different prisons over a period of seven years. Therefore, the proposed complaint must be rejected based on improper joinder. *George*, 507 F.3d at 607. Accordingly, the court will strike the complaint filed by Lindell in this case. (Dkt. # 1).

The court will provide Lindell one more opportunity to submit an amended complaint in this case. He is directed to choose carefully from among the claims listed above and submit one, final amended complaint that sets forth a single claim or claims permissibly joined in compliance with Rules 18 and 20. Any unrelated claim not pursued in this case must be brought in a separate action. That final, amended complaint must be filed within thirty days from the date of this order.

ORDER

IT IS ORDERED that:

1. Plaintiff Nathaniel A. Lindell's request for leave to proceed with his complaint (dkt. #1) is DENIED and the clerk's office is directed to STRIKE that complaint from the record.

2. Lindell may have one opportunity to submit a proper complaint in this case. He is directed to choose carefully from among the claims listed above and submit one, final amended complaint that sets forth a single claim or claims permissibly joined in compliance with Rules 18 and 20 of the Federal Rules of Civil Procedure. Any unrelated claim not pursued in this case must be brought

in a separate action. The final, amended complaint must be filed within thirty days from the date of this order.

3. If Lindell does not file an amended complaint as directed, this case will be closed without further notice. Any amended complaint filed by Lindell will be screened in accordance with 28 U.S.C. § 1915A. If the complaint filed by Lindell fails to comply with this order, the court will dismiss the complaint and this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

Entered this 3rd day of December, 2014.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge