IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATE A. LINDELL,

                Plaintiff,                          ORDER

v.

                                                    13-cv-563-wmc

LIEUTENANT DANE M. ESSER,

                Defendant.

---

Plaintiff Nate A. Lindell filed a proposed civil action pursuant to 42 U.S.C. § 1983, alleging constitutional violations in connection with the conditions of his confinement in the Wisconsin Department of Corrections. After the court dismissed that complaint for failure to comply with federal pleading rules found in Fed. R. Civ. P. 18 and 20, Lindell was given leave to file an amended version of his complaint. On March 2, 2015, the court dismissed the amended complaint as well, concluding that he failed to state a claim upon which relief could be granted, but granted Lindell limited leave to file an amended complaint with respect to two, specific allegations regarding his claims for denial of access to courts.[1]

In response, Lindell failed to file an amended complaint as directed, opting instead to submit two paragraphs consisting of conclusory allegations, which simply asserts that he was denied: (1) the opportunity to file timely a grievance or exhaust administrative remedies in July 2012; and (2) access to an affidavit in support of an "N.G.I. defense" in a state court criminal case in October 2012. (Dkt. # 14.) The problem with this submission is that Lindell again fails to provide specific facts which explain *why* he was unable to file timely a grievance or present information in support of his defense, respectively, without the

---

[1] Both concerned defendant's alleged confiscation of personal papers: (1) paperwork on July 25, 2012; and (2) a letter to another inmate on October 28, 2012.

paperwork and letter allegedly confiscated by the defendant. Accordingly, his allegations fall well short of demonstrating the requisite actual prejudice for purposes of stating a denial-of-access-to-courts claim. *See Martin v. Davies*, 917 F.2d 336, 340 (7th Cir. 1990); *Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987); *see also Hossman v. Spradlin*, 812 F.2d 1019, 1022 (7th Cir. 1987) ("The mere assertion by appellant . . . that legal papers . . . and law books were intentionally kept from him fails, without more, to demonstrate a constitutionally significant deprivation of meaningful access to the courts."). Because Lindell has repeatedly failed to articulate a claim upon which relief may be granted, leave to proceed will now be denied with prejudice and this case will be dismissed pursuant to 28 U.S.C. § 1915A(b).

ORDER

IT IS ORDERED that:

1. Plaintiff Nathaniel A. Lindell's request for leave to proceed is DENIED and this case is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

2. This dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g).

Entered this 1st day of April, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge